UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GLADSTONE N. JONES, III and
AMANDA JONES**                                                    **PLAINTIFFS**

**V.**                           **CIVIL ACTION NO. 1:06CV11 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY,
FELECIA CRAFT-PALMER, CLARENCE ESTES,
CHRIS HARRIS, J. RON MARQUIS,
and UNKNOWN ADJUSTOR JOHN DOE**                  **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiffs Gladstone and Amanda Jones's (the Joneses) motion to remand. For the reasons set out below, this motion will be granted.

This is an action for losses attributable to property damage sustained in Hurricane Katrina. Plaintiffs are resident citizens of Louisiana. Plaintiffs owned certain residential property situated at 220 South Beach Boulevard, Waveland, Mississippi. The plaintiffs' Mississippi property was insured under a homeowners insurance policy (policy number 24-CS-6684-2) issued by Defendant State Farm Fire and Casualty Company (State Farm) and under a flood policy (policy number 24-RC-3069-3) sold through State Farm. Plaintiffs also apparently had wind insurance under a third separate policy.

The plaintiffs' flood policy provides limits of $200,000 for the insured dwelling (with a $1,000 deductible) and $100,000 personal property coverage (with a $1,000 deductible). The section of the declarations page for the flood policy entitled "Forms, Options, and Endorsements" indicates that plaintiffs had coverage under Flood Policy Dwelling Form FP-7920.4. The limits of liability under the flood policy have been paid in full. (Exhibit H to State Farm's Response in Opposition to Motion To Remand)

The plaintiffs' homeowners policy provides coverage limits of $287,000 for dwelling; up to $28,700 for dwelling extension coverage; $215,250 for personal property; and actual loss sustained for loss of use. All coverages are subject to a $5,000 deductible.

The plaintiffs purchased all three insurance policies through State Farm's local agent, Defendant Felecia Craft-Palmer (Palmer).

Plaintiffs allege that on or about June 9, 2005, they requested that Palmer increase the limits of coverage under their policies. According to the allegations of paragraph 10 of the complaint, Palmer called plaintiffs one week after the request was made and confirmed that the increased limits plaintiffs asked her to get were in place. The complaint alleges that Palmer did not, in fact, obtain two of the three requested coverage increases.

The plaintiffs allege that they requested the following increases in policy limits applicable to their dwelling coverages:

State Farm Homeowners Policy limits raised to $287,000 (this was done)
Flood Policy limits raised to $250,000
Wind Policy limits raised to $287,000

The dwelling limit of the State Farm homeowners policy was increased as the plaintiffs requested, but the limit of dwelling coverage under the flood policy remained $200,000 ($50,000 less than the plaintiffs allege that they requested), and the limit of dwelling coverage under the wind policy remained $237,000 ($50,000 less than the plaintiffs allege that they requested).

Defendant Palmer is a Mississippi resident citizen. If Palmer has been properly joined as a party defendant, removal on grounds of diversity of citizenship is not permitted under 28 U.S.C. §1441(b).

State Farm has removed this action on grounds of diversity of citizenship, alleging that the Joneses have fraudulently joined Palmer as a defendant in order to defeat diversity jurisdiction. State Farm also asserts that there is federal question jurisdiction under 42 U.S.C. §4072 of the National Flood Insurance Act and under 28 U.S.C. §1331. Removal on grounds of federal question jurisdiction is allowed without regard to the citizenship of the parties. 28 U.S.C. §1441(b).

Fraudulent joinder is an issue on which State Farm has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

Federal question jurisdiction exists if plaintiffs are claiming additional benefits are payable under their flood insurance policy.  *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003) The relevant cases draw a distinction between claims related to the handling and adjustment of claims, for which the federal courts have exclusive jurisdiction, and claims related to the procurement of flood coverage, which fall outside federal jurisdiction under the National Flood Insurance Act.  Compare *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003) with *Landry v. State Farm Fire and Casualty Company,* 428 F.Supp.2d 531 (E.D.La.2006)  on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006).   State Farm argues strongly that this distinction has been eliminated by the decision in *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005).  My reading of the *Wright* decision does not support this conclusion.

### Allegations of the Complaint

As I appreciate the allegations of the complaint, construed with all inferences favorable to the plaintiffs, the Joneses contend that Palmer not only agreed to procure the additional insurance they requested, but that she also assured them that this additional coverage was in force.  If plaintiffs' allegations are correct, Palmer failed to procure the additional flood coverage and the additional wind coverage she agreed to get for the plaintiffs, and Palmer misrepresented the state of the plaintiffs' coverage to them.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

### Negligent Misrepresentation Under Mississippi Law

Plaintiffs allege that Palmer gave them inaccurate information about the state of their insurance coverages, assuring them that she had secured the requested coverage increases.

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;

      3.      That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;

      4.      That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and

      5.      That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit one of the plaintiffs' theories of recovery against Palmer.

Of course, the truth of the Joneses' allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and requested, and the question of what statements were made concerning these coverages are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and after consideration of the evidence offered by the defense. Likewise the issues related to the standard of care that applies to Palmer and whether her actions met that standard of care are questions that must be answered on a more complete record. At this juncture, however, for the purpose of deciding whether a fraudulent joinder has occurred, the Joneses' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the Joneses' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Palmer and State Farm have failed to establish that the Joneses have no viable legal theory upon which they may proceed against Palmer under the Joneses' version of events.

My review of the allegations of the complaint and the exhibits submitted by State Farm indicate that the policy limit of the plaintiffs' flood insurance policy has been paid. As I appreciate the allegations of the complaint, plaintiffs contend that Palmer was negligent in failing to procure an additional $50,000 in dwelling coverage under the flood policy as they allegedly requested and as Palmer allegedly said she did. The plaintiffs' cause of action against Palmer is for negligence in connection with the procurement of this additional coverage under the flood policy (and wind policy) in question. If the plaintiffs prevail on these claims under Mississippi law, it will not increase their flood insurance coverage under the flood insurance policy, and it cannot, as a matter of law, result in the collection of additional benefits under the National Flood Insurance Program. The policy limits under the flood policy have been paid, and the plaintiffs have not alleged that any additional benefits are owed under the terms of the flood policy. Thus this case falls outside the scope of federal question jurisdiction under the National Flood Insurance Act. I find the facts of this case virtually indistinguishable from those of *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp2d 531

(E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006), and I agree with Judge Fallon's reasoning on this point.  With respect to the flood policy, plaintiffs contend that Palmer failed to procure the coverage the plaintiffs requested and he (the local agent) agreed to secure for them.  This dispute concerns procurement of coverage, not the adjustment of a claim under the flood policy.

      Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

      An appropriate order will be entered.

      Decided this 14th day of August, 2006.

*s/ L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge